## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**IVAN MESHCHERIAKOV,**
*Individually, on behalf of himself and other similarly situated potential plaintiffs,*

Plaintiff,

**v.**

**PW TECHNOLOGY CONSULTING LLC**,
*d/b/a Introl and Inrtol.io,*
**RYAN PUCKETT**, *individually* and
**KEITH KAGEFF**, *individually*,

Defendants.

Case No.

**FLSA 216(b) Collective Action**
**JURY DEMANDED**

## ORIGINAL INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Comes now Plaintiff, Ivan Meshcheriakov (hereinafter "Named Plaintiff") on behalf of himself, individually, and similarly situated potential plaintiffs (collectively hereinafter "Plaintiffs'), and hereby complains as follows against the above-Named Defendants:

### I. NATURE OF THE ACTION

1. This is an individual and Collective Action Complaint pursuant to 216(b) of the Fair Labor Standards Act, brought to obtain declaratory, injunctive, and monetary relief on behalf of the Named Plaintiff and similarly situated potential plaintiffs who work(ed) as fiber technicians, data center technicians and similar titles for Defendants, PW Technology Consulting doing business as Introl and/or Introl.io, Ryan Purckett and Keith Kageff (collectively "Defendants"), whom Defendants either misclassify or misclassified as independent contractors and fail(ed) to pay overtime for hours worked in excess of forty

1

(40) hours per week.  Named Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and seeks permanent injunctive relief, back wages, liquidated damages, and other damages for himself and potential plaintiffs.

2. Defendants employ individuals classified as "fiber techs" and/or "data center techs." Named Plaintiff and potential plaintiffs perform low voltage installation duties, primarily the installation of fiber cable, in the course of constructing data centers.

3. The group of potential plaintiffs Named Plaintiff seeks to send notice to consists of all individuals who operate(d) as "fiber techs" or "data center techs" or similarly titled workers for Defendants, and are or were misclassified as independent contractors, working for the Defendants at any time during the applicable limitations period in the state of Tennessee. The Named Plaintiff, during the applicable time-period is a potential plaintiff and is similarly situated to potential plaintiffs and also bring individual claims as such.

4. This action challenges both the classification of the Named Plaintiff and those similarly situated (potential plaintiffs) as independent contractors and Defendants' denial to the Named Plaintiff and those similarly situated (potential plaintiffs) of the rights, obligations, privileges, and benefits owed to them as employees under the FLSA.

## II.  PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6. Plaintiff Ivan Meshcheriakov currently resides in Memphis, Tennessee and Atlanta, Georgia, and worked as a fiber technician or data center technician in Tennessee and Georgia for Defendants. For all times material Plaintiff Meshcheriakov had been classified as an independent contractor "fiber tech" or "data center tech" for the Defendants. Plaintiff Meshcheriakov installed fiber cable and performed other duties in the course of

constructing data centers. Plaintiff Meshcheriakov regularly worked in excess of forty (40) hours per week, was paid by the hour but did not receive overtime premium pay at any time during the relevant period. Plaintiff Meshcheriakov's Consent to Join is attached as *Exhibit A.*

7.    Defendant PW Technology Consulting LLC d/b/a Introl and/or Introl.io, is a Texas for-profit limited liability company with its principal place of business located at 171 N Aberdeen Street, Suite 400, Chicago, Illinois 60607, and was Named Plaintiff's "employer" as that term is defined under the FLSA. Defendant PW Technology Consulting LLC designs and builds graphic processing unit (GPU) infrastructure for data centers. According to the Texas Secretary of State Defendant PW Technology Consulting LLC's assumed name is Introl.  According to the Texas Secretary of State Defendants Ryan Puckett and Keith Kageff are the two (2) Managing Members of Defendant PW Technology Consulting LLC. Upon information and belief Defendant PW Technology Consulting LLC is owned by Defendants Ryan Puckett and Keith Kageff. Defendant PW Technology Consulting LLC may be served via its registered agent, Republic Registered Agent LLC, 17350 State Highway 249, Suite 220, Houston, Texas 77064.

8.    Defendant Ryan Puckett is a founder, owner and Managing Member of PW Technology Consulting LLC d/b/a Introl and/or Introl.io. Upon information and belief, Defendant Puckett exercises operational control over PW Technology Consulting LLC and its employees. Upon information and belief, Defendant Puckett made the decision to classify Defendants' fiber technicians/data center technicians as independent contractors and deprive them of the protections of the FLSA. Defendant Puckett is therefore individually liable under the FLSA for the non-payment of overtime wages complained of herein.

Defendant Puckett can be served with process at 171 N Aberdeen Street, Suite 400, Chicago, Illinois 60607, or wherever he may be found.

9.   Defendant Keith Kageff is a founder, owner and Managing Member of PW Technology Consulting LLC d/b/a Introl and/or Introl.io. Upon information and belief, Defendant Kageff exercises operational control over PW Technology Consulting LLC and its employees. Upon information and belief, Defendant Kageff made the decision to classify Defendants' fiber technicians/data center technicians as independent contractors and deprive them of the protections of the FLSA. Defendant Kageff is therefore individually liable under the FLSA for the non-payment of overtime wages complained of herein. Defendant Puckett can be served with process at 1923 Crossing Court, Naperville, Illinois 60540, or wherever he may be found.

## III. JURISDICTION AND VENUE

10.   The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11.   This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction.

12.   Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

## IV. FLSA 216(b) COLLECTIVE ACTION ALLEGATIONS

13.   The foregoing paragraphs are incorporated herein as if set forth in their entirety.

14.   Named Plaintiff brings this Original Complaint as a collective action, alleging violations of the FLSA on behalf of himself and all similarly situated individuals (potential plaintiffs) and seek to send notice of this action and allow the opportunity for the following similarly situated persons or potential plaintiffs to join:

All individuals who, through a contract with Defendants or otherwise, performed or perform as "fiber technicians" and/or "data center technicians" for and who were classified by Defendants as "independent contractors" anywhere in the state of Tennessee, at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined notice period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).

The group of potential plaintiffs also includes the Named Plaintiff in this action. Named Plaintiff reserves the right to modify this definition prior to facilitation of notice to potential plaintiffs.

15.     The Named Plaintiff and potential plaintiffs are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendants' common practice, policy, or plan of controlling their daily job functions.

16.     Defendants regularly permitted and required the Named Plaintiff and potential plaintiffs to work more than forty (40) hours per week without overtime compensation.

17.     Upon information and belief, Defendants knew that the Named Plaintiff and potential plaintiffs performed work that required overtime pay.

18.     Defendants have therefore operated under a scheme to deprive the Named Plaintiff and potential plaintiffs of overtime compensation by failing to properly compensate them for all time worked.

19.     Defendants' conduct, as set forth in this Original Individual and Collective Action Complaint, was willful and has caused significant damages to the Named Plaintiff and potential plaintiffs.

20.     This Original Individual and Collective Action Complaint is for violations of the FLSA and may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the Named Plaintiff are similar to the claims of potential plaintiffs who work and/or have worked for Defendants. Therefore, the Named Plaintiff should be permitted to bring this action as a collective action and on behalf of himself and

those similarly situated individuals (potential plaintiffs) pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

21. Defendants are liable under the FLSA for failing to properly compensate the Named Plaintiff and all similarly situated individuals (potential plaintiffs), and notice of this lawsuit should be sent to all similarly situated individuals. Those similarly situated individuals are known to Defendants and are readily identifiable though Defendants' payroll and other personnel records.

## V. STATEMENT OF FACTS

22. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

23. Defendant PW Technology Consulting LLC ("Introl") designs and builds GPU infrastructure for data centers used by technology companies to meet the growing demands of high-performance computing as a result of advancements in artificial intelligence.

24. Named Plaintiff and potential plaintiffs are labeled as fiber technicians and/or data center technicians and physically build the GPU infrastructure under the direction and control of Introl.

25. Named Plaintiff and potential plaintiffs worked on constructing a data center located in Memphis, Shelby County, Tennessee, in 2024 and possibly other smaller data centers around the country including in Atlanta, Georgia and Kansas City, Missouri within the last three (3) years.

26. Named Plaintiff and potential plaintiffs functioned as part of an integrated unit performing relatively low-skilled labor under the close direction and control of Introl and other subcontractors working in the Memphis data center.

27. Named Plaintiff and potential plaintiffs used tools, materials and equipment provided by

Introl and other subcontractors working in the Memphis data center.

28.    Neither Named Plaintiff nor potential plaintiffs had any opportunity to invest in or share in the profits of the construction of the Memphis data center, nor to pursue any additional independent work while the construction of the Memphis data center was ongoing.

29.    As a condition of employment, Named Plaintiffs and potential plaintiffs had to sign a "contractor" agreement with Introl that incorrectly and falsely purport to classify Named Plaintiff and potential plaintiffs as "independent contractor[s]" rather than employees of Introl.

30.    The contractor agreement is an adhesion contract drafted exclusively by Defendants. Defendants did not negotiate the material terms of the contractor agreement with the Named Plaintiff or potential plaintiffs who were required to sign the agreement on a "take it or leave it" basis.

31.    Defendants Introl and Puckett knowingly, intentionally and specifically selected freshly arrived refugees of the ongoing Russo-Ukrainian war, such as Named Plaintiff and many potential plaintiffs, exploiting their ignorance of US law and extremely limited or nonexistent English language skills to convince them to accept and sign said contractor agreements.

32.    The contractor agreement was designed by Defendants in interest to circumvent the requirements of the FLSA by purporting to shift the burden of employment on to the Named Plaintiff and potential plaintiffs, when in fact Defendants maintained extensive control over the Named Plaintiff and potential plaintiffs who remained entirely dependent on Introl for work on the data center projects designated by Introl.

33.    The contractor agreement specifies that the fiber technician/datacenter technician will work

by the hour and the hourly rate Introl will pay the fiber technician/datacenter technician.

34. The Named Plaintiff's initial hourly rate was $27.00.

35. Upon information and belief, the initial hourly rate set by Introl for potential plaintiffs was between $25.00 and $30.00 per hour.

36. Named Plaintiff and potential plaintiffs are required to work generally 14-16 hours a day seven (7) days a week until certain phases of each project are completed.

37. Named Plaintiff and potential plaintiffs did not exercise independent business judgment in connection with the work they performed for Defendants.

38. Introl unilaterally determines which duties are assigned to the Named Plaintiff and potential plaintiffs.

39. Introl determines what jobs the Named Plaintiff and potential plaintiffs are assigned and what time they must arrive by.

40. In fact, Mykola Kulyk, Introl's Head of Field Services, supervised Named Plaintiff and potential plaintiffs work for quality control and to ensure a successful on time project delivery.

41. The Named Plaintiff and potential plaintiffs' job duties and ability to earn income is tied directly to the number of hours they worked.

42. The Named Plaintiffs had to strictly follow Introl's instructions and adhere to the policies and procedures set by Introl.

43. Named Plaintiff and potential plaintiffs did not qualify as independent contractors but, instead, were employed by Defendants and subject to the coverage of the FLSA for the following reasons which, upon information and belief, applied to other fiber and data center technicians who worked for Defendants during the past three (3) years:

(a) Upon information and belief, Named Plaintiff was covered by Introl's Workers Compensation insurance while working for Introl.

(b) Named Plaintiff and potential plaintiffs were subject to and had to comply with each and every employment policy of the Introl.

(c) Named Plaintiff and potential plaintiffs had no opportunity to derive a profit or suffer a loss (other than unpaid wages as addressed in this lawsuit) while working for Introl.

(d) Defendants' and Named Plaintiff's relationship was that of an employer/employee relationship of a more permanent nature than that for a discreet period of time in the nature of an independent contractor relationship.

(e) Defendants were the beneficiaries of Named Plaintiff's work while employed by Introl.

(f) The cable, hardware and equipment that Named Plaintiff and potential plaintiffs installed in data centers while employed by Introl were supplied solely by Introl and contractors above Introl.

(g) Named Plaintiff, who worked as many as sixteen (16) hours per day -- Monday through Sunday -- of each work week for Introl, was precluded and prevented from working for any other entity or person while employed by Introl.

44. Named Plaintiff was required to accept Introl's conditions of employment or face termination.

45. Introl not only retained the rights listed above but exercised those rights as well.

46. Named Plaintiff and potential plaintiffs had no opportunities for profit or loss because they were paid by the hour.

47.    The Named Plaintiff's and potential plaintiffs' investment in equipment to perform their work is relatively low or nonexistent.

48.    Because the Named Plaintiff and potential plaintiffs were misclassified as non-employees, they were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

49.    By misclassifying the Named Plaintiff and potential plaintiffs, Defendants also avoid paying payroll taxes, such as Social Security, FUTA, etc., on the hourly wages the Named Plaintiff and potential plaintiffs earned and shift their tax obligations onto the Named Plaintiff and potential plaintiffs.

50.    Named Plaintiff and potential plaintiffs regularly work(ed) well in excess of forty (40) hours during a seven-day work week for which the Named Plaintiff and potential plaintiffs have never received overtime premium wages for any hour worked over forty (40) in given workweek.

51.    Defendants' misclassification of the Named Plaintiff and potential plaintiffs as independent contractors, the concealment or non-disclosure of the true nature of the relationship between Defendants and the Named Plaintiff and potential plaintiffs, and the attendant deprivation of substantial rights and benefits of employment are part of an ongoing unlawful practice by Defendants which this Court should enjoin.

## VI. CAUSE OF ACTION

**FAILURE TO PAY OVERTIME TO THE NAMED PLAINTIFF
AND POTENTIAL PLAINTIFFS
FLSA, 29 U.S.C. §§ 201, *et seq.***

52.    The Named Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53.     Section 206(a)(1) of the FLSA provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

54.     There are no exemptions applicable to the Named Plaintiff and potential plaintiffs.

55.     For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Original Individual and Collective Action Complaint throughout the portions of United States in which Defendants conduct business.

56.     The Named Plaintiff and potential plaintiffs regularly worked more than forty (40) hours per week but did not receive overtime pay.

57.     Upon information and belief, at all times relevant hereto, Defendants have had annual gross operating revenues well in excess of $500,000.00.

58.     In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to the Named Plaintiffs and potential plaintiffs.

59.     As a result of Defendants' failure to pay overtime premium wages, the Named Plaintiff and potential plaintiffs were damaged in an amount to be proven at trial.

60.     Therefore, the Named Plaintiff demands he and potential plaintiffs be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest, damages, penalties, and attorneys' fees as provided by law.

## VII.  PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief on behalf of himself, individually, and all potential plaintiffs of the Collective Action:

a.  Promptly facilitate notice pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b.  Award Plaintiff and potential plaintiffs FLSA statutory damages against Defendants;

c.  Award Plaintiffs and potential plaintiffs all unpaid overtime compensation against Defendants;

d.  Award Plaintiffs and potential plaintiffs liquidated damages in accordance with the FLSA against Defendants;

e.  Award Plaintiffs and potential plaintiffs prejudgment interest (to the extent that liquidated damages are not awarded);

f.  Award Plaintiff and potential plaintiffs post-judgment interest and court costs as allowed by law;

g.  Find and declare that Defendants' violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

h.  Award Plaintiff and potential plaintiffs' reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

i.  Allow Plaintiff to amend his Original Individual and Collective Action Complaint, if necessary, as new facts are discovered;

j.  Provide additional general and equitable relief to which Plaintiff and potential plaintiffs

may be entitled; and

k.  Provide further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated:  January 23, 2024                     Respectfully Submitted,

*s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Joshua Autry (TN BPR #041423)
**JACKSON SHIELDS HOLT
OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*jautry@jsyc.com*

&

Daniel Velvel Rivkin (GA Bar# 364619)
(Pro Hac Vice Anticipated)
**DANIEL RIVKIN LEGAL SERVICES**
1415 Brookcliff Place
Marietta, GA 30062
Telephone 404-862-9627
*danrivkinlaw@att.net*

*ATTORNEYS FOR PLAINTIFF
AND FOR POTENTIAL PLAINTIFFS*