**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**IVAN MESHCHERIAKOV,**
*Individually, on behalf of himself and other
similarly situated potential plaintiffs,*

           Plaintiff,

           v.

**INTROL SOLUTIONS LLC**,
*d/b/a Introl*,

           Defendant.

**Case No. 2:25-cv-02071-SHL-cgc**

**JURY DEMAND**

---

**DEFENDANT INTROL SOLUTIONS LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO SECOND AMENDED COMPLAINT**

---

In response to Plaintiff's Second Amended Individual and Collective Action Complaint (Doc. 27) Defendant Introl Solutions LLC ("Introl") asserts and maintains that it is investigating the extent to which the claims of Plaintiff—and any opt-in plaintiff—are subject to arbitration. Introl will complete that investigation, confer with Plaintiff, and then bring any unresolved issue or dispute to the Court. In the interim, as it is required to do but still subject to its assertion of arbitration, Introl responds to the Second Amended Complaint. Except to the extent an allegation is expressly and unambiguously addressed below, Introl denies each and every allegation of the Second Amended Complaint, and further denies that Plaintiff (or any opt-in plaintiff) is entitled to any relief whatsoever.

**I. NATURE OF THE ACTION**

1.     Introl admits that Plaintiff purports to bring claims under the Fair Labor Standards Act ("FLSA"), and seeks to obtain declaratory, injunctive, and monetary relief.  Introl denies that

1

Plaintiff and those he seeks to represent were misclassified as independent contractors or have any cognizable claims.  Further, Introl denies that collective treatment is appropriate in this case, or that Plaintiff or any opt-in plaintiff(s) are entitled to any relief or damages.  Introl denies the remaining allegations in Paragraph 1.

2.      Denied.

3.      Introl admits that Plaintiff seeks to certify a collective action for his FLSA claims. Introl denies that collective treatment is appropriate in this case, denies that Plaintiff's claims have merit, and denies that Plaintiff or any other opt-in plaintiff(s) are entitled to any relief or damages in this matter.  Introl denies the remaining allegations in Paragraph 3.

4.      Introl admits that Plaintiff purports to state certain claims.  Introl denies that Plaintiff and those he seeks to represent were misclassified as independent contractors or have any cognizable claims.  Further, Introl denies that collective treatment is appropriate in this case, and denies that Plaintiff or any opt-in plaintiff(s) are entitled to any relief or damages.  Introl denies the remaining allegations in Paragraph 4.

## II. PARTIES

5.      Introl incorporates by reference all preceding answers to the allegations in the Second Amended Complaint.

6.      Introl admits that Plaintiff was classified as an independent contractor.  Introl lacks sufficient knowledge and information to admit or deny the current residence of Plaintiff.  Introl denies the remaining allegations in Paragraph 6.

7.      Introl admits that it is a Delaware limited liability company with its principal place of business located at 171 N Aberdeen Street, Suite 400, Chicago, Illinois 60607, and that it designs

and builds graphic processing unit (GPU) infrastructure for data centers. Introl denies the remaining allegations in Paragraph 7.

### III. JURISDICTION AND VENUE

8.     Introl incorporates by reference all preceding answers to the allegations in the Second Amended Complaint.

9.     Introl admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims under 29 U.S.C. § 201, *et seq.*

10.    The allegations in Paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, Introl admits that venue in this District is proper, but denies that Plaintiff or any opt-in plaintiff(s) have any cognizable claims.

### IV. FLSA 216(b) COLLECTIVE ACTION ALLEGATIONS

11.    Introl incorporates by reference all preceding answers to the allegations in the Second Amended Complaint.

12.    Introl admits that Plaintiff purports to bring FLSA claims as a collective action, and that Plaintiff seeks to certify a collective action for his FLSA claims. Introl denies that Plaintiff has any cognizable claims, denies that collective treatment is appropriate in this case, and denies that Plaintiff or any opt-in plaintiff(s) are entitled to any relief or damages. Introl denies the remaining allegations in Paragraph 12.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

NAI-5001684578v3

18.    Denied.

19.    Denied.

## V. STATEMENT OF FACTS

20.    Introl incorporates by reference all preceding answers to the allegations in the

Second Amended Complaint.

21.    Admitted.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.     Denied.

40.     Denied.

41.     Introl denies each and every allegation in Paragraph 41, including each subpart.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

## VI. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME TO THE NAMED PLAINTIFF
### AND POTENTIAL PLAINTIFFS
### FLSA, 29 U.S.C. §§ 201, *et seq*.

50.     Introl incorporates by reference all preceding answers to the allegations in the

Second Amended Complaint.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Admitted.

56.     Denied.

57.     Denied.

58.    Introl admits that Plaintiff individually and on behalf of purported opt-in plaintiff(s) seeks to recover claimed overtime wages, alleged liquidated damages, interest, damages, penalties, and attorneys' fees. Introl denies that collective action treatment is appropriate in this case, denies that any of Plaintiff's claims have merits, and denies that Plaintiff and any alleged opt-in plaintiff(s) are entitled to any relief or damages in this matter. Introl denies the remaining allegations in Paragraph 58.

## VII.  PRAYERS FOR RELIEF

To the extent that any response to the paragraph beginning with WHEREFORE under PRAYERS FOR RELIEF is required, Introl denies the allegations in the WHEREFORE clause of the Second Amended Complaint, denies that Plaintiff is entitled to judgment, and denies that Plaintiff or any opt-in plaintiff(s) are entitled to any of the relief requested, or to any other relief whatsoever in this case.

## JURY TRIAL DEMAND

To the extent that any response to the paragraph beginning with Pursuant to Rule 38(b) under JURY TRIAL DEMAND is required, Introl admits that Plaintiff seeks a jury trial. Introl denies that Plaintiff is entitled to a jury trial and denies any and all remaining allegations.

## DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing, Introl asserts the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's and any opt-in plaintiffs' claims are subject to arbitration, and Introl reserves the right to and intends to compel arbitration pursuant to the terms and conditions of the applicable contractual agreement.

## SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any opt-in plaintiff(s) are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claims and the FLSA claims of any opt-in plaintiff(s) are barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiff or any opt-in plaintiff(s) brings claims for any time period greater than two years for a non-willful violation, or three years for a willful violation, from the date the individual files his or her consent forms with the Court.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any opt-in plaintiff(s) are barred, in whole or in part, because the time for which they seek compensation does not, in whole or in part, constitute compensable hours worked, including but not limited to engaging in activities that were preliminary or postliminary to their principal activities or falling within the *de minimis* exception.

## SIXTH AFFIRMATIVE DEFENSE

Introl acted in good faith and with reasonable grounds for believing that it was not in violation of the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

No act or omission of Introl alleged to have violated the FLSA was willful, knowing, or in reckless disregard of the provisions of the applicable law.

NAI-5001684578v3

7

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any opt-in plaintiff(s) are barred, in whole or in part, by the doctrines of waiver, settlement, accord and satisfaction, set-off/offset, and/or ratification.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any opt-in plaintiff(s) are barred, in whole or in part, by the doctrine of offset to the extent that plaintiffs and any opt-in plaintiff(s) were paid for hours not worked.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any opt-in plaintiff(s) are estopped to the extent Introl lacked actual or constructive knowledge of the hours Plaintiff worked due to inaccurate or misleading information regarding hours worked provided by Plaintiff or any opt-in plaintiff(s).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's attempt to pursue claims as a collective action fails because an independent and individual analysis of the claims of each Plaintiff and opt-in plaintiff, and Introl's defenses, is required, as dictated by the U.S. Supreme Court in *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's attempt to pursue his claims as a collective action violates Introl's constitutional rights to due process because Introl has a due process right to raise every defense applicable to Plaintiff and any opt-in plaintiff(s) at every stage of trial.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any opt-in plaintiff(s) are barred, in whole or in part, to the extent some or all of these individuals lack standing to seek some or all of the requested relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

Introl is not liable for the acts and/or omissions by its employees or agents who were not acting within the scope of their employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for monetary damages are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate or minimize his alleged damages, the entitlement to which Introl expressly denies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any damages Plaintiff claims to have suffered, which Introl expressly denies, was proximately caused by factors other than the actions or omissions of Introl.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint and Plaintiff's cause of action under the FLSA alleged therein is barred by the doctrine of unclean hands to the extent Plaintiff engaged in any conduct which proximately caused or contributed to any damages allegedly suffered by Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any opt-in plaintiff(s) are barred, in whole or in part, by the doctrine of judicial estoppel to the extent such individual filed a personal bankruptcy without disclosing his or her claims against Introl.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for overtime wages under the FLSA are barred to the extent Plaintiff claims unpaid overtime wages during any period of time he worked in a position exempt from the

NAI-5001684578v3                    9

overtime requirements of the FLSA.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of any opt-in plaintiff(s) are barred because they were properly classified as independent contractors and were not employees of Introl.

## RIGHT TO AMEND

Introl reserves the right to assert and rely on such other defenses as may become available or apparent during the course of discovery and to amend its answer to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, and denied any and all unlawful conduct alleged by Plaintiff, Introl respectfully prays that this Court:

1.      Enter an order that the Second Amended Complaint be dismissed in its entirety with prejudice, and that Plaintiff takes nothing by way of the Second Amended Complaint;

2.      Award Introl the costs and attorneys' fees incurred herein as appropriate;

3.      Enter judgment in favor of Introl; and

4.      Award Introl such further relief as the Court deems just and proper.

Respectfully submitted, this, the 15th day of July 2025.

s/ Zachary B. Busey
**ZACHARY B. BUSEY**
Tennessee Bar No. 29763
zbusey@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

NAI-5001684578v3

10

165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 526-2000 – Telephone

- and -

**EFRAT R. SCHULMAN**
*Pro Hac Vice Pending*
eschulman@jonesday.com

**JACOB ALEKNAVICIUS**
*Pro Hac Vice Pending*
jaleknavicius@jonesday.com

JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, Illinois 60606
(312) 782-3939 – Telephone

*ATTORNEYS FOR DEFENDANT INTROL
SOLUTIONS LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the

Court using the ECF system, which sent notification of such filing to all counsel of record.

So certified, this, the 15th day of July 2025.

*s/ Zachary B. Busey*
**ZACHARY B. BUSEY**

NAI-5001684578v3                                    11